**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



---------------------------------------------------------------------×

JAYDE STEELE,

                *Plaintiff*,

      *v.*

FITZPATRICK HOTEL GROUP, INC. (USA) and SCOTT
CASEY,

                *Defendants*.

---------------------------------------------------------------------×

**COMPLAINT**

JUDGE FORREST   **15 Civ. ___**

        Plaintiff Jayde Steele, by her counsel, The Harman Firm, PC, alleges for her complaint against Defendants Fitzpatrick Hotel Group, Inc. (USA) and Scott Casey, as follows:

PRELIMINARY STATEMENT

        1.    In this employment discrimination action, Plaintiff Jayde Steele ("Plaintiff" or "Ms. Steele") seeks damages and costs against Defendants Fitzpatrick Hotel Group, Inc. USA ("Defendant Fitzpatrick" or the "Fitzpatrick Hotel") and Scott Casey ("Defendant Casey") (collectively "Defendants") for illegal sex and gender discrimination and retaliation, violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified at 42 U.S.C. §§ 2000e, *et seq* and the New York City Human Rights Law, as codified at N.Y.C. ADMIN. CODE §§ 8-101, *et seq*. ("NYCHRL"). Defendants blatantly, willfully and deliberately subjected Plaintiff to sexual harassment and a hostile work environment. When Plaintiff complained, Defendants ignored her complaints and retaliated against her, ultimately resulting in Plaintiff's unlawful discharge.

## JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. § 1331, jurisdiction over Plaintiff's claims is conferred on this Court as Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified at 42 U.S.C. §§ 2000e, *et seq.*

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claim occurred within this District.

4.      All conditions precedent to maintaining this action have been fulfilled.  A charge of discrimination was filed with the Equal Opportunity in Employment Commission ("EEOC"). The EEOC issued a Right-to-Sue Letter dated March 11, 2015 relating to the discriminatory acts described in this Complaint.  This action was properly instituted within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

5.      Plaintiff respectfully requests a trial before a jury.

## PARTIES

6.      At all times relevant hereto, Ms. Steele was and is a resident of the County of Passaic in the State of New Jersey.

7.      Upon information and belief, Defendant Fitzpatrick is a corporation organized under the laws of New York with its principal place of business located at 687 Lexington Avenue, New York, New York 10022.

8.      Upon information and belief, Defendant Casey is an individual who resides in the County of Hudson in the State of New Jersey.

## STATEMENT OF FACTS

9.      Plaintiff Jayde Steele is a black female, and works as professional bartender.

10.      On or about June 17, 2014, Defendant Fitzpatrick hired Ms. Steele for a bartender position at the Fitzpatrick Manhattan Hotel where she worked primarily on the outdoor patio.

11.      Shortly after being hired, Ms. Steele learned that the decision-makers, managers, and supervisors at Defendant Fitzpatrick were prejudiced against, and antagonistic toward, their female employees.

12.      For example, on the first day of Ms. Steele's employment, Defendant Fitzpatrick's white, male, food and beverage manager, Defendant Scott Casey, made sexually degrading comments to Ms. Steele. Casey told her in detail about a dream he had in which he "fucked" one of Fitzpatrick's female servers, Jenny Hobbs. Ms. Steele, outraged, asked why Casey told her this, to which he responded that Ms. Steele reminded him of the dream.

13.      Defendant Casey frequently told Ms. Steele about the girls he was having sex with, including employees and patrons. He bragged to her that he was "tired of fucking college girls."

14.      Defendant Casey told Ms. Steele that all of her problems were rooted in the fact that she "hadn't been fucked right."

15.      Defendant Casey made racist and sexist comments such as "once you go white your credit goes right" and that Ms. Steele was "fucking with the wrong team" after he learned that she had dated a dark-skinned Dominican man.

16.      Ms. Steele did not invite these outlandish and offensive statements from Defendant Casey and she found them to be deeply offensive.

17.     Defendant Casey encroached upon Ms. Steele's person by bringing his face within inches of hers when he spoke to her, causing her anxiety and physical discomfort.

18.     Defendant Casey regularly demanded that Ms. Steele conform herself to his sexist and racist "management," requiring that she go out to party with him and his friends. When Ms. Steele refused, Casey retaliated against her by giving her specious write-ups, insulting her with names like "grandma," yelling at her in front of patrons, and forcing her to do bar-back chores and duties which no other bartender had been asked to do.

19.     In and around August 2014, Ms. Steele met with Defendant Fitzpatrick's food and beverage director, Shona Perry, to discuss Defendant Casey's offensive and improper behavior. Ms. Perry's response to Ms. Steele's complaints was that Casey was "just doing his job." She neither disciplined Casey, nor did anything to remedy the problems.

20.     In response to the above-mentioned complaints, Defendant Casey harassed Ms. Steele more acutely, manufacturing write-ups for any fabricated problems.

21.     In and around September 2014, Ms. Steele requested to meet with Defendant Fitzpatrick's general manager, Patrick Leyden. Mr. Leyden told Ms. Steele that he would schedule a time to discuss her complaints with her. He never did.

22.     On or about October 14, 2014, which was a particularly cold night, after Ms. Steele made herself a cup of hot tea in the kitchen to warm up, Defendant Casey told her to return to the bar and to dump out her tea because she was not allowed to "drink" on the job. When Ms. Steele protested, Casey ordered her to go home.

4

23.     Ms. Steele told Mr. Leyden what had transpired with Defendant Casey, to which he responded that she was not terminated, and they would have a meeting with the Fitzpatrick's human resources ("HR") department.

24.     The next day, on or about October 15, 2015, Ms. Steele met with Defendant Fitzpatrick's HR director, Adam Rankin, to discuss Defendant Casey. Mr. Rankin told her that he would direct Mr. Casey not to speak with her unless it was work related.

25.     Thereafter, Mr. Casey refused to speak with Ms. Steele at all, making it difficult, if not impossible, for her to do her job.

26.     On or about October 31, 2014, Defendant Fitzpatrick abruptly terminated Ms. Steele's employment, stating only that the patio season ended.

27.     Defendant Fitzpatrick's proffered reason for Ms. Steele's termination was/is complete and utter subterfuge.

28.     When Ms. Steele was first interviewed and hired, she was told that Defendant Fitzpatrick's owner planned to keep the patio open all year, and on or about October 1, 2014, The Fitzpatrick Hotel enrolled Ms. Steele in its health care plan, indicating that it intended her employment to be long-term.

29.     Further, in and around December 2014, only weeks after Ms. Steele's termination, she saw an advertisement from Defendant Fitzpatrick in which the Fitzpatrick Hotel sought to hire a bartender for the position from which she was terminated. Upon information and belief, none of the Fitzpatrick Hotel's bartenders had resigned or been terminated since Ms. Steele's employment with the Fitzpatrick Hotel ended.

30. Ms. Steele was an exemplary employee with a great record; she never received any complaints from customers or co-workers.

31. Defendant Casey was/is a supervisor employed by Defendant Fitzpatrick, used his actual and/or apparent authority to further unlawful conduct, and otherwise was aided in accomplishing his unlawful conduct by his agency relationship with Fitzpatrick.

32. Defendant Fitzpatrick knew of the pervasive harassment but did not make any sincere attempt to resolve it. The Fitzpatrick Hotel permitted its managers and supervisors to establish a culture that encouraged sexual discrimination, harassment, and retaliation.

33. Ms. Steele is currently unemployed.

34. Ms. Steele is deeply distraught by Defendant's discriminatory conduct.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Sex Discrimination Violating Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e, *et seq.***

35. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

36. The Title VII prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of sex.

37. Defendants conditioned Plaintiff's job benefits on Plaintiff's acceptance of Defendant Casey's unlawful conduct and subjected Plaintiff to a hostile work environment so severe and pervasive that it altered the terms, conditions and privileges of Plaintiff's employment.

38. As a direct and proximate consequence of Defendants' sex discrimination, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not

limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

39.    Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
## Illegal Retaliation Violating the Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e, *et seq.*

40.    Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41.    The Title VII prohibits an employer from discriminating against an employee who has opposed an unlawful employment practice.

42.    Plaintiff complained about Defendant Casey's sexual harassment.

43.    In response to Plaintiff's lawful complaints, Defendant retaliated against Plaintiff by terminating her employment.

44.    As a direct and proximate consequence of Defendants' illegal practices, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

45.    Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## THIRD CAUSE OF ACTION
## Gender Discrimination Violating the NYCHRL, N.Y.C. Admin. Code §§ 8-101, *et seq.*

46.    Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 45 with the same force as though separately alleged herein.

47.     The NYCHRL prohibits employers from discriminating against an employee in compensation or in terms, conditions or privileges of employment on the basis of gender.

48.     Defendants conditioned Plaintiff's job benefits on Plaintiff's acceptance of Defendant Casey's unlawful conduct and subjected Plaintiff to a hostile work environment so severe and pervasive that it altered the terms, conditions and privileges of Plaintiff's employment.

49.     As a direct and proximate consequence of Defendants' gender discrimination, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

50.     Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

### FOURTH CAUSE OF ACTION
### Illegal Retaliation Violating the NYCHRL, N.Y.C. Admin. Code §§ 8-101, *et seq.*

51.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52.     The NYCHRL prohibits an employer from discriminating against an employee who has opposed an unlawful employment practice.

53.     Plaintiff complained to Defendant Fitzpatrick about Defendant Casey's sexual harassment.

54.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff by terminating her employment.

55.     As a direct and proximate consequence of Defendants' illegal practices, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to

loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

      56.      Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

### Request for Relief

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.    for the first claim, actual damages to be determined at trial, but in no event less than $500,000;

B.    for the second claim, actual damages to be determined at trial, but in no event less than $500,000;

C.    for the third claim, actual damages to be determined at trial, but in no event less than $500,000;

D.    for the fourth claim, actual damages to be determined at trial, but in no event less than $500,000;

E.    an award of compensatory and punitive damages;

F.    pre-judgment and post-judgment interest;

G.    attorneys' fees and costs; and

H.    such other and further relief as the Court deems just and proper.


Dated:       New York, New York
             March 16, 2015


                                  By:      _Wall & Harman_____
                                           Walker G. Harman, Jr. [WH-8044]
                                           THE HARMAN FIRM, P.C.
                                           *Attorneys for Plaintiff*
                                           1776 Broadway, Suite 2030
                                           New York, NY 10019
                                           (212) 425-2600
                                           wharman@theharmanfirm.com