UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAYDE STEELE,

                          **Plaintiff,**

    -against-

FITZPATRICK HOTEL GROUP, INC. (USA), and SCOTT CASEY,

                          **Defendants.**

Docket No.: 15 CV 1972 (KBF)(JLC)

**ANSWER**

Defendants, Hotel Grand Central, LLC, incorrectly named as "Fitzpatrick Hotel Group, Inc. (USA)" (hereinafter, the "Hotel") and Scott Casey (hereinafter, "Casey") (collectively, "Defendants"), answer the Complaint as follows:

## AS TO THE PRELIMINARY STATEMENT

1. Deny the allegations contained in Paragraph 1 of the Complaint, and refers the Court the statutes referenced therein.

## AS TO JURISDICTION AND VENUE

2. Deny the allegations contained in Paragraph 2 of the Complaint, and refer the Court the statutes referenced therein.

3. Deny the allegations contained in Paragraph 3, except that Plaintiff alleges that venue is proper in this District.

4. Deny the allegations contained in Paragraph 4 of the Complaint, and aver upon information and belief, a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint concerning whether the "EEOC issued a Right-to-Sue Letter dated March 11, 2015", or

whether the action was "instituted within ninety (90) days of the issuance of the Right-to-Sue Letter."

## AS TO TRIAL BY JURY

5. Paragraph 5 of the Complaint contains no factual allegations. Accordingly, no response is required.

## AS TO PARTIES

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Deny the allegations contained in Paragraph 7 of the Complaint, and aver that Hotel Grand Central LLC is a corporation organized under the laws of the State of New York with its principal place of business located at 141 East 44th Street, New York, New York 10017.

8. Admit the allegations contained in Paragraph 8 of the Complaint.

9. Admit the allegation in Paragraph 9 of the Complaint that Plaintiff is a black female, but deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff "works as professional bartender."

10. Deny the allegations contained in Paragraph 10 of the Complaint, and aver that on June 17, 2014, the Hotel hired Plaintiff as a Seasonal Bartender and assigned her to work at the bar in the Hotel's outdoor patio.

11. Deny the allegations contained in Paragraph 11 of the Complaint.

12. Deny the allegations contained in Paragraph 12 of the Complaint.

13. Deny the allegations contained in Paragraph 13 of the Complaint.

14. Deny the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint, and aver that Defendants did not discriminate against Plaintiff and/or create a hostile work environment on basis of her race, sex or gender, and further deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff "found."

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint, and aver that Shona Perry, the Hotel's Director of Food and Beverage, met with Plaintiff regarding Plaintiff's poor work performance, and deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint, and aver that on or about September 22, 2014, Patrick Leyden, the Hotel's General Manager, met with Plaintiff, and deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint, and aver that on or about September 22, 2014, Plaintiff engaged in unprofessional and insubordinate conduct and as a result was directed to leave the Hotel for the remainder of her scheduled shift, and deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint, and aver that Patrick Leyden told Plaintiff that the Hotel's Director of Human Resources would conduct an immediate investigation.

#395285.3

3

24. Deny the allegations contained in Paragraph 24 of the Complaint, and aver that on September 23, 2014, Adam Rankin, the Hotel's Director of Human Resources conducted an immediate investigation.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint, and aver that on or about October 31, 2014, Plaintiff's Seasonal Bartender employment ended.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint, except admit that on or about October 1, 2014, the Hotel enrolled Plaintiff in the Hotel's healthcare insurance plan.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint, and aver that Defendant Casey is employed by the Hotel as defined herein as the Bar/Restaurant Manager.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

## AS TO CLAIMS FOR RELIEF

## AS TO FIRST CAUSE OF ACTION

35. Defendants repeat and reiterate the answers set forth in Paragraphs 1 through 34 as if set forth herein in length.

36. There are no factual allegations contained in Paragraph 36 of the Complaint. Accordingly, no response is required.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

<u>AS TO SECOND CAUSE OF ACTION</u>

40. Defendants repeat and reiterate the answers set forth in Paragraphs 1 through 39 as if set forth herein in length.

41. There are no factual allegations contained in Paragraph 41 of the Complaint. Accordingly, no response is required.

42. Deny the allegations contained in Paragraph 42 of the Complaint, and aver that Plaintiff alleged a claim of inappropriate conduct.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

<u>AS TO THIRD CAUSE OF ACTION</u>

46. Defendants repeat and reiterate the answers set forth in Paragraphs 1 through 45 as if set forth herein in length.

47. There are no factual allegations contained in Paragraph 47 of the Complaint. Accordingly, no response is required.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

## AS TO FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

51. Defendants repeat and reiterate the answers set forth in Paragraphs 1 through 50 as if set forth herein in length.

52. There are no factual allegations contained in Paragraph 52 of the Complaint. Accordingly, no response is required.

53. Deny the allegations contained in Paragraph 53 of the Complaint, and aver that Plaintiff alleged a claim of inappropriate conduct.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in the WHEREFORE paragraph and the subparagraphs A through H of the Complaint.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

58. The Complaint fails to state a claim for relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII").

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

59. The Complaint fails to state a claim for relief pursuant to New York City Human Rights Law, New York City Administrative Code, §§ 8-101, *et seq.* ("NYCAC").

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

60. Plaintiff has failed to exhaust all administrative remedies and, accordingly the Complaint must be dismissed with prejudice.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Upon information and belief, Plaintiff has failed to mitigate damages, if any exist, as required under the law.

62. Therefore, Plaintiff is not entitled to any relief.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63. The Complaint fails to state a claim for punitive damages pursuant to Title VII and NYCAC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64. The Complaint fails to state a claim for compensatory damages pursuant to Title VII and NYCAC.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65. The Complaint fails to state a claim for attorney's fees, pre-judgment interest, post-judgment interest, costs and expenses pursuant to Title VII and NYCAC.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66. The Complaint fails to state a claim for any and all wages and benefits pursuant to Title VII and NYCAC.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

67. The Hotel's actions regarding Plaintiff were for legitimate, non-discriminatory reasons having nothing to do with her purported sex, gender, complaint(s) and/or charges about same.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68. The Hotel's actions regarding Plaintiff were for legitimate, non-discriminatory reasons having nothing to do with her purported complaint(s) and/or charge(s).

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

69. Casey's actions regarding Plaintiff were for legitimate, non-discriminatory reasons having nothing to do with her purported sex, gender, complaint(s) and/or charges about same.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

70. Casey's actions regarding Plaintiff were for legitimate, non-discriminatory reasons having nothing to do with her purported complaint(s) and/or charge(s).

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

71. The Complaint fails to state a claim for relief pursuant to Title VII for sex or race discrimination and/or hostile work environment.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

72. The Complaint fails to state a claim for relief pursuant to NYCAC for gender or race discrimination and/or hostile work environment.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

73. The Complaint fails to state a claim for relief pursuant to Title VII for retaliation.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

74. The Complaint fails to state a claim for relief pursuant to NYCAC for retaliation.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York Workers' Compensation Law.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred in part or in whole by the applicable statutes of limitations.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred by the doctrines of unclean hands and laches.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

78.     Plaintiff's service of process is defective.

## AS AND FOR A TWENTY–FIRST AFFIRMATIVE DEFENSE

79.     To the extent Plaintiff seeks injunctive relief, Plaintiff, in whole or in part, is not entitled to a trial by jury on such claims.


**WHEREFORE**, Defendants demand that the Complaint be dismissed in its entirety and that Defendants be awarded the costs and disbursements of this action, together with such other, further and different relief as to the Court may seem just and proper.

Dated: New York, New York
        April 16, 2015

**KANE KESSLER, P.C.**
Attorneys for Defendants

By:_____/s/ AS_____
    Alexander Soric (AS 3305)
1350 Avenue of the Americas
New York, N.Y. 10019
Tel:  (212) 519-5178
Fax: (212) 541-9799